(No. 2090—

Jess Lightner, Claimant, vs. State of Illinois, Respondent.

*Opinion filed January 9, 1935.*

James A. Watson, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Prior to and on the 14th day of September, A. D. 1932, the claimant was employed by the respondent as a State highway maintenance policeman, and on the last mentioned date, was on duty at the County Fair at Marion, Illinois. About eleven o'clock that night he and Edgar Modglin, another highway maintenance policeman, left Marion for Cairo, to do police duty there. On account of a confusion of lights, Modglin, who was driving the car, drove into the side of a coal train and as the result of the collision, the claimant sustained serious and permanent injuries to his right hand and right leg, as well as numerous cuts and injuries about the face and body.

All medical and hospital bills were paid by the respondent, and claimant was continued on the payroll at the regular monthly salary of State maintenance police until the time of his discharge on March 15, 1933. At the time of the accident

in question he was earning $175.00 per month, and had one child under sixteen years of age.

It is conceded that at the time of the accident, both claimant and respondent were operating under the provisions of the Workmen's Compensation Act; that on said day the relation of employer and employee existed between them; that on said day the claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given and claim for compensation made as required by law; that the only question in dispute is the nature and extent of claimant's injuries, and the amount of compensation to be allowed therefor.

The evidence shows that claimant was in profound shock for three days, and was unconscious for two weeks after the accident; that he sustained a multiple fracture of the right tibia with no misplacement of parts; super-orbital lacerations extending from the base of the nose around the right eye down about one and one-half inches on the right cheek; also fracture of super-orbital process about one and one-half inches by one inch depression; a four-inch laceration under the chin, with small cuts and lacerations on the hands; disarticulation of the left clavicle at a cromial end; and a fracture of the left scapula. There is also some disfigurement of the face, resulting from a scar over the right eye, one inch long; a scar under the right eye, one inch long; and a scar under the chin four inches long. Dr. B. B. Hutton of Harrisburg states that claimant's vision is below normal, but there is nothing in the record to indicate the extent of any loss of vision resulting from the accident.

Claimant was examined by Doctors Harry Phillips and C. D. Nobles of the Anna State Hospital, who state that there is a permanent disability of the right hand resulting from contracture of the fingers, which disability is from forty to fifty per cent, and that the disability to the right leg at this time is approximately fifty per cent, although there is a possibility of a partial correction of this disability by surgery.

Claimant was paid his regular salary from the time of the accident to the date of his discharge, to-wit, March 15, 1933, which time covered the full period of temporary total incapacity, and consequently he is not entitled to recover any compensation for such temporary total incapacity.

From all of the evidence it appears that claimant has suffered the permanent and complete loss of forty per cent of the use of his right hand, and the permanent and complete loss of fifty per cent of the use of his right leg. At the time of the accident, his salary was $175.00 per month and he is therefore entitled to compensation at the rate of Fifteen Dollars ($15.00) per week.

Under Section 8E-12 of the Workmen's Compensation Act, the amount due claimant for permanent and complete loss of forty per cent of the use of the right hand is $1,020.00, and under Section 8E-15 of such Act, the amount due claimant for the permanent and complete loss of fifty per cent of the use of the right leg is $1,425.00. We also find that claimant is entitled to the sum of $300.00 for serious and permanent disfigurement to the face—thereby making a total of Twenty-seven Hundred Forty-five Dollars ($2,745.00), which said amount is payable in weekly installments of Fifteen Dollars ($15.00) commencing on September 15, 1932.

Payment by the respondent in weekly installments, however, is not practicable under existing laws and the award will therefore be commuted to an equivalent lump sum in accordance with Section nine (9) of the Workmen's Compensation Act.

The amount due the claimant after commutation to an equivalent lump sum as aforesaid, is Twenty-seven Hundred Forty Dollars and Twenty-five Cents ($2,740.25).

An award is therefore hereby entered in favor of the claimant, Jess Lightner, for the sum of Twenty-seven Hundred Forty Dollars and Twenty-five Cents ($2,740.25).